IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ANDRE T. C. DUNN, | : | CIVIL ACTION NO. **1:CV-10-2408** |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Blewitt) |
| BRIAN V. COLEMAN, et al., | : | |
| Respondents | : | |

| ANDRE T. C. DUNN, | : | CIVIL ACTION NO. **1:CV-10-2498** |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Blewitt) |
| BRIAN V. COLEMAN, et al., | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

### I. Background.

On November 18, 2010, the Petitioner, Andre T. C. Dunn, an inmate at the State Correctional Institution at Fayette, LaBelle, Pennsylvania, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. His *pro se* Petition was docketed to Civil Action No. 1:CV-10-2408, M.D. Pa. (Doc. 1, Civil No. 10-2408). As Petitioner failed to either pay the filing fee or file a Motion for Leave to Proceed *in forma pauperis,* a 30-day Administrative Order was issued on November 22, 2010, directing Petitioner to either pay the filing fee or file an *in forma pauperis*

motion within thirty (30) days of the date thereof, or his case would be dismissed. (Doc. 3, Civil No. 10-2408).

In his Civil No. 10-2408 habeas petition, Petitioner challenges his September 8, 2005 conviction and sentence of three to six years in prison imposed in the Court of Common Pleas of Schuylkill County, Pennsylvania (CP-54-CR-0000501-2004), for possession of a controlled substance, possession with intent to deliver a controlled substance, and possession of drug paraphernalia. (Doc. 1, No. 20-2408, p. 1).

In his Civil No. 10-2408 habeas petition, Petitioner raises the following grounds: (1) Violation of his Fourth and Fourteenth Amendment due process and equal protection rights, in that "the trial court committed reversible error when it concluded that the [Petitioner's] trial and appellate counsel's (sic) where (sic) effective in challenging the weight of the evidence, and the search and seizure;" (2) Violation of his Sixth Amendment and Fourteenth Amendment rights by denial of "a fair and impartial trial," in that "the trial court committed reversible error when it concluded that the [Petitioner's] trial and appellant counsel's (sic) were effective when counsel's failure to obtain a new trial because of jury misconduct;" (3) Violation of his Fourth and Fourteenth Amendment rights based on the "sufficiency of evidence to support the conviction," in that "the weight of the evidence did not support the conviction, and in this matter, should have been challenged;" (4) Violation of his Fourth, Sixth and Fourteenth Amendment rights, based on "ineffective assistance of trial and appellate counsel's (sic), in that "trial counsel was ineffective for failing to call two (2) witnesses that were available and willing to testify that was brought to trial counsel's attention before trial had begun." (Doc. 1, 10-2408, pp. 5-11).

On November 4, 2010, Petitioner filed a second Petition for Writ of Habeas Corpus, together with an Application in Support of Request to Proceed *in forma pauperis*, in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1, M.D. Pa. Civil No. 1:CV-10-2498). His second habeas petition was transferred to the United States District Court for the Middle District of Pennsylvania by Order of November 29, 2010. (Doc. 2, Civil No. 10-2498). Petitioner's second habeas petition was received in the United States District Court for the Middle District of Pennsylvania on December 7, 2010, and docketed as Civil Action No. 1:CV-10-2498.

## II. Discussion.

Petitioner's 10-2498 habeas petition is identical to his 10-2408 habeas petition, with the exception of two pages which are missing from the 10-2498 Petition, (*i.e.*, page 12 of the Petition and page 6 of the Superior Court decision attached to the Petition. Petitioner's 10-2498 habeas petition challenges the same September 8, 2005 Schuylkill County Court of Common Pleas conviction for possession of a controlled substance, possession with intent to deliver a controlled substance, and possession of drug paraphernalia, and sentence of three to six years in prison. Petitioner raises the same four (4) above stated grounds in both his Civil No. 10-2408 habeas petition and his Civil No. 10-2498 habeas petition.

Rule 42(a) of the Federal Rules of Civil Procedure states that:

> When actions involving a common question of
> law or fact are pending before the court, it
> may order a joint hearing or trial of any or all
> the matters in issue in the actions consolidated;
> and it may make such orders concerning proceedings
> therein as may tend to avoid unnecessary costs
> or delay.

The matters have been reviewed, and it is concluded that they involve common questions of law and fact. Accordingly, pursuant to Rule 42(a), we shall recommend that the above cases will be consolidated and the matter proceed under Civil Action Number 1:CV-10-2408.

## III. Recommendation.

Based on the foregoing, it is respectfully recommended that Civil Action Number 1:CV-10-2498 be consolidated into Civil Action No. 1:CV-10-2408, and that Civil Action No. 1:CV-10-2498 be closed.

It is further recommended that the matter be remanded to the undersigned for further proceedings.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: December 10, 2010